IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR A TRACKING WARRANT AND ORDER ) | |
| PURSUANT TO 21 U.S.C. §§ 841(a) (1), ) | UNDER SEAL |
| INSTALLATION AND MONITORING OF A ) | FILED UNDER SEAL |
| TRACKING IN OR ON A 2004 GRAY FORD | |
| MUSTANG, VA REGISTRATION: UTR8643 | |
| VIN NUMBER: 1FAFP42X44F127110 AND A 2010 | |
| BLACK CADILLAC, VIRGINIA REGISTRATION: | |
| ULL 9856 VIN NUMBER: 3GYFNDEY8AS552724 | |

## AFFIDAVIT IN SUPPORT OF APPLICATION

### INTRODUCTION

**A. Affiant**

I, Clark Jackson, being first duly sworn, hereby depose and state as follows:

1. I have been a Task Force Officer with the Drug Enforcement Administration (DEA) since October 1, 2018. I am currently assigned to investigate drug related crimes as a member of the DEA, Washington Field Division/Roanoke Resident Office and have been employed by Montgomery County Sheriff's Office since 2012. I have received training in all areas of narcotics investigations including search and seizure laws and statutes pertaining to enforcement of the Controlled Substances Act, highway interdiction, and parcel interdiction. Since becoming a DEA Task Force Officer in October of 2018, I have assisted other law enforcement officers in conducting narcotics investigations that have resulted in search warrants and the arrest of numerous individuals as well as the seizure of illicit drugs.

2. I present this affidavit in support of an application for an order authorizing the use of electronic tracking devices (Global Positioning System) to be installed on two vehicles, specifically, a gray Ford Mustang, currently registered to Hugo Sanchez, 172 Lukes Lane NW, Floyd, Virginia, but used and operated by Aristeo Sanchez-Salinas, and a black Cadillac, currently registered to Alejandro Garcia-Garcia, 110 Howard St SE, Floyd, VA. These vehicles are currently located within the Western District of Virginia. The installation of GPS units on these vehicles will allow law enforcement to track the movements of these vehicles, in furtherance of an ongoing investigation of violations of Title 21, Sections 841(a)(1) and 846. The facts in the paragraphs below establish probable cause to believe these vehicles are utilized in furtherance of illegal activity.

3. The facts and information contained in this affidavit are based on information obtained from federal and state law enforcement officers. All observations referenced in this affidavit that were not personally made by me were relayed to me by the person(s) who made such observations, or by reports that detailed the events described by that person(s).

4. This affidavit does not contain every fact known to me regarding this investigation, but rather contains information necessary to demonstrate probable cause to believe that Aristeo Sanchez-Salinas and others have engaged, and continue to be engaged, in a conspiracy to distribute controlled substances, to wit methamphetamine. Since this affidavit is being submitted for the limited purpose of securing an Order authorizing the installation of electronic tracking devices (Global Positioning System), I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested Order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application

5. Probable cause exists to believe that the installation of an electronic tracking device (Global Positioning System) will constitute or lead to evidence concerning offenses involving the distribution and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**BACKGROUND OF THE INVESTIGATION**

6. In late January 2020, your affiant was informed by law enforcement officers from the Wake County Sheriff's Office in North Carolina that they had obtained a state authorized court order for the installation of a GPS tracker on a vehicle that was located at 205 Howard St, Floyd, VA. The vehicle was a gray Ford Mustang with Virginia registration of UTR8643, hereinafter referred to as Target Vehicle 1. Target Vehicle 1 is registered to Hugo Sanchez and had been utilized by Aristeo Sanchez-Salinas to conduct narcotics trafficking. Specifically, Target Vehicle 1 was utilized by Salinas in December 2019, coming from Floyd, Virginia, to deliver approximately 3 kilos of methamphetamine to undercover law enforcement officers in North Carolina. In January 2020, Target Vehicle 1 was again used by Aristeo Sanchez-Salinas to deliver approximately 5 kilos of methamphetamine from Floyd into North Carolina. During the investigation by the NC authorities, the undercover officer was led to understand that a laboratory for the conversion of liquid methamphetamine into solid methamphetamine was located in the vicinity of Floyd, Virginia, and that the methamphetamine being sold to the undercover officers in the aforementioned controlled purchases had been produced in this conversion lab.

Police wanted to make arrangements for the delivery of an additional quantity of methamphetamine that would be seized. To do this, they reached out to their source, and requested information about the availability and quality of methamphetamine. The source was

unable to provide them with this information. However, on January 26, 2020, police tracked Target Vehicle 1 to 1381 Epperly Mill Rd, Floyd, VA. Almost immediately after Target Vehicle 1 arrived at this location, the unknown supplier contacted the undercover officer and told him that that the product was good and ready to be delivered. This creates the inference that someone other than Aristeo Sanchez-Salinas was operating Target Vehicle 1 in furtherance of drug trafficking, and that the Epperly Mill address was associated with drug trafficking.

After this conversation, on January 28, 2020, Aristeo Sanchez-Salinas was in fact arrested in Wake County, NC for trafficking in methamphetamine, in the course of delivering 5 kilos of methamphetamine, although he was not operating Target Vehicle 1 at that time.

On January 29, 2020, shortly after the arrest of Aristeo Sanchez-Salinas, your affiant, at the direction of the Wake County Sheriff's Office, began the process of removing the tracking device from Target Vehicle 1. WCSO stated that the GPS tracker indicated that Target Vehicle 1 had traveled from the 205 Howard St residence and was located in the area of 221 Parkway Lane, Floyd, VA. The address of 221 Parkway Lane is the residence of Hernandez Leticia Garcia. Garcia is the listed property owner of the 1381 Epperly Mill Rd. Thereafter, Target Vehicle 1 returned to 205 Howard St where your affiant located Target Vehicle 1 and removed the WCSO tracker.

At that time, sitting next to Target Vehicle 1 at the Howard Street address, was a 2010 Black Cadillac SRX with Virginia registration of 1101XA, which will be referred to as Target Vehicle 2, registered to an Alejandro Garcia-Garcia at 110 Howard St Floyd, Virginia.

Target Vehicle 2 was familiar to law enforcement because it had been observed by Wake County law enforcement officers being operated by an unidentified male (UM) in the area of, and during the controlled purchases of, methamphetamine from Target Vehicle 1 in Wake

4

County. Because of this, officers inferred that Target Vehicle 2 was being operated in support of the sales of methamphetamine conducted from Target Vehicle 1. The presence of the two vehicles together at the same address in Floyd, as well as their presence together in Wake County, tends to confirm that the vehicles are related and involved in the same overall activity. Additionally, Wake County officers were able to determine that the cell phone that was being utilized by an unknown male to facilitate and coordinate the controlled methamphetamine deliveries was located in very close proximity to the cell phone used by Aristeo Sanchez-Salinas, who was operating Target Vehicle 1. While this coordination was ongoing, that is, during the time that the cell phone was being used, Target Vehicle 2 was in fact seen in close proximity to Target Vehicle 1, which was operated by Aristeo Sanchez-Salinas. Finally, during the course of the controlled deliveries, the driver of Target Vehicle 2 was seen communicating with Aristeo Sanchez-Salinas, and was seen passing a package to Aristeo Sanchez-Salinas.

The presence of both vehicles at the Howard Street address, and also at the scene of the controlled deliveries in Wake County, suggests probable cause to believe that the Howard Street address has some connection to drug trafficking. The fact of the movement of Target Vehicle 1 to the Epperly address immediately before the unidentified male vouched for the quality and availability of five kilograms of methamphetamine suggests that someone other than Aristeo Sanchez-Salinas was using Target Vehicle 1 for purposes of drug trafficking. The fact that after to the arrest of Aristeo Sanchez-Salinas, that Target Vehicle 1 moved to an address associated with the Epperly address, that is, the Parkway Lane address, and returned to the Howard Street address suggests that some person other than Aristeo Sanchez-Salinas is driving Target Vehicle 1 between locations arguably tied to drug trafficking.

On February 6, 2020, your affiant located Target Vehicle 2 and observed a new Virginia

registration on the vehicle, specifically, Target Vehicle 2 now displays Virginia License Tag # ULL-9856. This new registration was found to come back to the same vehicle, but the registered owner had been changed from Alejandro Garcia-Garcia to Hugo Sanchez, who is also, and has been, the registered owner of Target Vehicle 1.  Nothing else has changed in regards to Target Vehicle 2.

7.  Your affiant believes that based on the above information, Aristeo Sanchez-Salinas had utilized Target Vehicle 1 and a UM had utilized Target Vehicle 2, both in furtherance of methamphetamine distribution activities, and that both before and after the arrest of Aristeo Sanchez-Salinas, some other person or persons utilized Target Vehicle 1 in support of drug trafficking.  In your affiant's training and experience, drug trafficking organizations continue to use the same vehicles to traffic illegal narcotics even after members of the DTO are arrested.

Your affiant requests authorization for installation of electronic tracking devices (Global Positioning System) on Target Vehicle 1 and Target Vehicle 2 and that law enforcement be allowed to monitor this tracking device for 45 days.  It is your affiant's belief based on the aforementioned information that Target Vehicle 1 and Target Vehicle 2 travel to areas within and outside the Western District of Virginia to conduct narcotics transactions.  In your affiant's training and experience, it is common for narcotics distributors to make trips out of their area of operation to acquire drugs in bulk quantities which they can return to their area of operations and distribute.  It is also your affiant's belief from training and experience that narcotics distributors are very cautious when traveling to meet their suppliers and customers, and will employ many different tactics to ensure that they are not being followed by law enforcement officials. It is also your affiant's belief from training and experience that narcotics distributors often utilize vehicles that are registered in the names of others, to avoid detection by law enforcement. Access to the

GPS signal emanating from the electronic tracking device installed on Target Vehicle 1 and Target Vehicle 2 will allow physical surveillance of Target Vehicle 1 and Target Vehicle 2 during long distance trips without the risk of alerting the operators of Target Vehicle 1 and Target Vehicle 2 to the presence of surveillance.  For these reasons, your affiant requests authorization to install an electronic tracking device to Target Vehicle 1 and Target Vehicle 2 to provide law enforcement with necessary information regarding the movement times, location of possible stash houses and routes taken by Target Vehicle 1 and Target Vehicle 2.  Your affiant believes that based on the aforementioned information, Target Vehicle 1 and Target Vehicle 2 will continue to be utilized to traffic large quantities of methamphetamine in the Western District of Virginia area. Further, your affiant requests the court to allow installation of the GPS unit any time day or night.  By having this option, law enforcement would not only have increased opportunities to conduct the GPS installation but it would also increase "officer safety" by allowing law enforcement to utilize the cover of darkness to safely install the GPS unit without detection. During this investigation, it has been learned from surveillance that Target Vehicle 1 and Target Vehicle 2 usually stay within close proximity to the Howard St residence in Floyd, VA.

### AUTHORIZATION REQUEST

Based on the foregoing, there is probable cause to believe that the requested information will lead to evidence regarding the activities described above.  The installation of an electronic

tracking device (Global Positioning System) is necessary to determine the location of the Target Vehicle 1 so that law enforcement agents can conduct physical surveillance of the targets in connection with this investigation and take such enforcement actions as may be necessary.

WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41, it is requested that the Court issue a warrant and Order authorizing agents of DEA to install an electronic tracking device (Global Positioning System) on Target Vehicle 1 and Target Vehicle 2 for a period of forty five (45) days.

IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night.  Your affiant respectfully further requests that for the limited purpose of installing the GPS unit, agents be allowed to enter, either during the day or night, onto the private property identified as 205 Howard St, Floyd, VA.

IT IS FURTHER REQUESTED that the warrant and this Affidavit, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers as necessary to effectuate the Court's Order.

IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty (30) days after the termination of the monitoring period authorized by the warrant or any extensions thereof, since disclosure at this time would seriously jeopardize the investigation.

Received by reliable electronic means.
Sworn and attested to telephonically.

/s/ Clark Jackson
Clark Jackson, Task Force Officer
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me this the ___6th___ day of February 2020.

*Robert S. Ballou*
Honorable Robert S. Ballou
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF VIRGINIA